LEHAN, Judge.
In this eminent domain proceeding we affirm the trial court’s final judgment denying severance damages for loss of appellant’s access to Anderson Road incident to the partial taking by Hillsborough County of appellant’s land. We agree with the trial court’s conclusion that the county was not equitably estopped to deny appellant access by having approved appellant’s site plan showing access to a planned extension of Anderson Road before appellant closed on its purchase of the land.
As the trial court found, the site plan approval remained subject to county permitting requirements, a driveway permit onto Anderson Road was required by county regulations, and appellant had not applied for or received such a permit. Also, appellant had contracted to purchase the land before the site plan was approved, and under the contract appellant was not required to close until all necessary governmental permits for its planned use of the property had been obtained. Accordingly, as the trial court also found, there had been no reasonable reliance by appellant upon the site plan approval sufficient upon which to base an estoppel against the county to deny appellant access and to thereby find that the partial taking caused a loss of any access to which appellant had been entitled.
This case is unlike Sakolsky v. City of Coral Gables, 151 So.2d 433 (Fla.1963), cited by appellant, in which there was found to be equitable estoppel against a city to revoke a building permit which had been issued without conditions and on which there had been substantial justifiable reliance. In this case the county did not revoke appellant’s site plan approval, and the approval remained subject to county permitting requirements, including the requirement for a driveway permit onto Anderson Road. The mere approval of the site plan was not a guarantee that the county would issue a driveway permit, and appellant could not have reasonably relied upon it as such. At the time the county thereafter issued a building permit, appellant had actual knowledge of the county’s position that there was to be no access to Anderson Road.
As the trial court’s order also indicates, at the time appellant purchased the property the county’s “right of way map for the Anderson Road Extension, completed on June 13, 1984, showed the Anderson Road Extension abutting Defendant’s property to be a limited access right of way.” In addition, the trial court found that prior to the closing of appellant’s purchase of its property the board of county commissioners had adopted a resolution showing that Anderson Road was to have a limited access right-of-way immediately adjacent to appellant’s property.
Affirmed.
DANAHY, C.J., and FRANK, J., concur.